36959.   DAVIS *v.* THE STATE.

DECIDED JANUARY 16, 1958.

850

*Slaton & Holt, Lewis R. Slaton, Jr.,* for plaintiff in error.

*Paul Webb, Solicitor-General, Thomas R. Luck, Jr., Eugene L. Tiller,* contra.

GARDNER, Presiding Judge. Counsel for the defendant contends for a reversal on the ground that the only evidence against the defendant is his uncorroborated confession and that such is insufficient as a matter of law to convict the defendant. We disagree with counsel as to this view of the case. The invoices (showing goods purchased and the amount thereof) set forth in the indictment, were proved to have been stolen from the files of the company, and destroyed. This was one item of evidence that is contained in the written confession of the defendant. Some invoices were discovered in the desk of the defendant, before he made his confession. The invoices which the defendant took fraudulently from the files of the company evidenced the wholesale price of the goods which the defendant converted to his own use without paying anything for them. We could recount many other items of evidence in corroboration of the defendant's written confession of his guilt, but it is apparent to

us that the evidence as a whole, including the method of the fraudulent operations of the defendant against the company, is clearly sufficient to convict.

Counsel for the defendant contends also that the State failed to prove any value other than that given in the defendant's written confession. All the records of the case tend to show that the invoices which represented stolen goods also represented the value of the goods which the defendant purchased in his own name, and sold, receiving money therefor, and that he then stole the invoices so that the Simmons Company could not send a statement for payment to the defendant.

Counsel for the defendant in his contentions makes an effort to maintain that the only thing the defendant stole from the company was the pieces of paper on which the invoices were made. We can not agree with this reasoning.

The trial court sentenced the defendant to serve twelve months on the public works on each of three counts, the sentences to run concurrently. There was a fourth count but the record does not disclose that the judge passed on that count.

The court did not err in denying the motion for a new trial.
*Judgment affirmed. Townsend and Carlisle, JJ., concur.*