## 48027. SIMMONS v. THE STATE.

BELL, Chief Judge. Defendant was convicted of theft by taking a pistol, a holster and checks having a value in excess of $100. He disputes the sufficiency of the evidence to authorize the verdict of guilty.

The state's evidence reveals that the defendant was observed in a grocery store with a magazine in his hand near the cash register checkout points looking toward the registers. The store manager, who was operating one of the cash registers, saw an individual coming out of the store office, walk out of the store with defendant, another male following. The manager went to the office and found his pistol and holster and checks drawn in an amount in excess of $300 to be missing. He then proceeded out the front door of the store and saw the defendant sitting in the back seat of a car. A motor vehicle license tag was in the back window. The store manager saw the defendant remove the tag and place it under the front seat. The car with the three occupants drove off. The evidence sufficiently authorizes the verdict of guilty. The defendant here is an aider and abettor, under Code § 26-801 (b) (3)) and thus a party to the crime. The evidence of the defendant looking at a book which was apparently between the cash registers and the office authorizes

the inference that he was standing there as a lookout for the party who was within the office where the property was removed. Thereupon, he left with the other two individuals and removed the tag which would deter any identification of the automobile in which the three parties left the scene. This evidence, while circumstantial, is sufficient to show it is only consistent with the hypothesis of guilt and excludes every other reasonable hypothesis save that of the guilt of the defendant. Code § 38-109. There is no merit in the argument that a burglary was shown rather than the larceny as there was obviously permissive entry into the store by implication. Lastly, there is no basis to assert that the state failed to prove value for it was shown that the property stolen was well over $100 for the manager testified that it would cost $100 to replace the pistol and that the holster was of a value of about $7. The checks which were drawn in an amount in excess of $300 can also be included in the total value to show that the property was of a value in excess of the statutory required $100. See *Davis v. State,* 96 Ga. App. 848 (102 SE2d 91). *Judgment affirmed. Deen and Quillian, JJ., concur.*

SUBMITTED APRIL 2, 1973 — DECIDED MAY 16, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Isaac Jenrette, Morris H. Rosenberg,* for appellee.