## A02A1451. MATTHEWS v. THE STATE.
(572 SE2d 391)

POPE, Senior Appellate Judge.

Michelle B. Matthews appeals following her conviction by a jury of six counts of felony theft by taking. We affirm.

1. Matthews first contends that the state failed to present sufficient evidence to support the jury's verdict. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation omitted.) *Williams v. State*, 228 Ga. App. 698, 699 (1) (492 SE2d 708) (1997).

Matthews was employed as a stylist at a salon in Kennesaw beginning in March 1997. By July 1998, she was training to become an assistant manager and had been assigned to be one of three "closers" at the salon. These employees were given the responsibility of counting the cash drawer at night, reconciling the cash and credit card receipts, and making the night deposit. The store policy and general practice were that the closer made the deposits the same night she closed, but if for some reason the deposit was not made the same night, it was placed in a lockbox. One closer was assigned to these tasks each night. The closers were given additional incentive pay to compensate them for these additional duties.

In October 1998, the salon's owner discovered inconsistencies between Matthews's closing paperwork and bank records for the salon's account. Six of the deposits prepared by Matthews between August and October 1998 were never credited to the salon's account. These deposits included over $2,300 in cash as well as checks drawn in an amount in excess of $1,500. The salon owner determined from store records that these deposits had been prepared by Matthews and that she had applied for and received incentive pay for the evenings on which each of those deposits was prepared. Moreover, the records showed that no employee, other than Matthews, had worked all six nights.

The owner spoke with Matthews after the police had been notified about the missing deposits. The first thing Matthews asked was,

"Do you think I did it?" When they discussed the dates of the deposits, Matthews told the owner that she had made all of the deposits, stating, "My face is going to be all over those cameras over there at the bank." She also said that she had never let the deposits out of her sight, except on one occasion when she took a walk with the store manager and her husband before making the deposit. Matthews also told the salon manager that she had made the six deposits and suggested that something must have happened to the deposits at the bank. In addition, Matthews told the Kennesaw police officer investigating the thefts that she had made the deposits.

Jane Brooks, a bank employee who was in charge of opening night deposits at the salon's bank, testified that the bank had procedures in place to ensure the safety of the deposits. Bank policy dictated that at least two employees be present when the night deposit box was opened. One person, a teller, had the key to the box, and the other person, either the bank manager or one of two client service representatives, had the combination to open it. The key to the night deposit box was kept in the main vault of the bank, so the box could not be opened until the vault was opened.

Matthews denied telling either the salon owner or the manager that she had made the deposits. She stated that on some nights other employees made the deposit for her, and on a number of occasions the deposits would be left overnight in an unlocked desk drawer.

In rebuttal, the state presented the testimony of the two other closers who worked during this period. They both testified that the night deposits were never left in an unlocked desk drawer, but rather were taken to the bank. Only a small amount of petty cash was left in the desk drawer. And only employees designated as closers were supposed to take deposits to the bank. They stated that they had never allowed any employee who was not a closer to make the deposit.

Matthews asserts that the state's case relied upon circumstantial evidence and that the state failed to exclude the possibility that others who had access to the funds could have taken the money.

> To support a verdict, circumstantial evidence need exclude only reasonable hypotheses, not exclude every inference or hypothesis except that of the defendant's guilt. Whether circumstances were sufficient in this case to exclude every reasonable hypothesis except that of [Matthews's] guilt was a question for the jury. Only where the evidence is unsupportable as a matter of law may the jury's verdict be disturbed, even where the evidence is circumstantial.

(Footnotes omitted.) *Smith v. State*, 255 Ga. App. 797, 798 (567 SE2d 322) (2002).

We decline to disturb the jury's verdict in this case. The circumstantial evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of theft by taking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Urness v. State*, 251 Ga. App. 401, 403 (2) (554 SE2d 546) (2001).

2. Matthews next asserts that the trial court erred in denying her motion in limine concerning the value of the deposits and in denying her assertion that she was overcharged with felony theft by taking. We find no error.

As an initial matter, we note that the value of the property taken is not an element of the crime of theft by taking, although it is relevant for sentencing purposes, to distinguish between a felony and a misdemeanor. *Hight v. State*, 221 Ga. App. 574, 575 (2) (472 SE2d 113) (1996). Matthews was charged with six counts of felony theft by taking involving six separate deposits. The evidence at trial showed that although the currency in each deposit was less than $500, when the checks and cash are totaled each deposit exceeded $500. The state introduced deposit slips showing the dollar value of the checks in each missing deposit. Matthews acknowledged that she had prepared the deposit slips, and she did not dispute the value of the checks shown on those slips. And although there was no evidence that Matthews had negotiated the checks, the salon was deprived of their value. Therefore, the value of the checks can be included to show that the amount of each deposit stolen was in excess of $500. See *Simmons v. State*, 129 Ga. App. 107, 108 (198 SE2d 718) (1973). Thus, the evidence supported six separate counts of felony theft by taking. OCGA §§ 16-8-2; 16-8-12 (a) (1).

3. Matthews also asserts that her trial counsel's performance was inadequate in that he failed to move for a directed verdict at the close of the state's case. In order to establish inadequate representation by trial counsel, Matthews must show both that the attorney's performance was deficient and that the deficient performance prejudiced her. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). Here, even assuming that Matthews could show her trial counsel's performance was inadequate, our review of the record shows that she cannot show prejudice as we find that the evidence presented by the state in its case-in-chief was sufficient to support her convictions.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 11, 2002.

*Ted B. Herbert*, for appellant.

*Patrick H. Head, District Attorney, Bruce D. Hornbuckle, Dana J. Norman, Assistant District Attorneys*, for appellee.