A04A0807. GRAHAM v. THE STATE.
(604 SE2d 651)

MILLER, Judge.

Following a jury trial, Leonard Graham was convicted of theft by taking, and sentenced to ten years, five to serve with the balance to be served on probation. He appeals, contending that (1) there was insufficient evidence to support his conviction; (2) the trial court erred by denying his motion in limine; (3) the trial court erred in admitting certain hearsay testimony; and (4) his trial counsel rendered ineffective assistance. Having reviewed these claims, we discern no error and affirm.

Construed in a light most favorable to the verdict, the evidence showed that on December 15, 2000, a trucking company left two trailers at a local tire distributing company to be loaded with tires. The trucking company planned to have an employee pick up the trailers that evening. The dock foreman of the trucking company told an employee to go to the tire distribution company and bring back one of the trailers. The two companies were only about a quarter of a mile apart. When the employee arrived at the tire distribution company the trailer he was supposed to pick up was missing. He called the trucking company to inform the dock foreman. The dock foreman told the employee to return to the trucking company and search there to make sure that another driver had not already returned the trailer. They were unable to find the trailer at the trucking company. The

---

[3] *Latson*, 278 Ga. at 115.

dock foreman accompanied the employee back to the tire distribution company. At that time both trailers were missing, and there were "two dry spots" where the trailers had been earlier in the day (it had been raining off and on all day).

The employee and the dock foreman returned to the trucking company and called the owner of the company and the police. The responding officer was a short distance away from the trucking company and arrived minutes after the call was placed. The employee was sent back to the tire distribution company to make sure that no other trailers belonging to the trucking company were still there. One of the trailers had been returned, and a large freightliner truck was pulling away from the trailer. The employee immediately contacted the owner of the trucking company. The owner of the trucking company, his son, the police officer, and the dock foreman all returned to the tire distribution company. When they arrived at the distribution company they saw the freightliner truck turning a corner in the lot of the tire distribution company, attempting to leave the scene. The police officer turned on his blue lights, but the freightliner attempted to steer around his vehicle. The police officer then drove the police car directly into the path of the freightliner. The driver of the freightliner (later determined to be Graham) drove toward the police car as if he was not going to stop, and then finally stopped. The police officer got out of his car, drew his sidearm, and ordered Graham and the passenger (later determined to be co-defendant Jimmy Lewis Howard) to exit the freightliner. After a short standoff, they exited the truck. The trucking company owner testified that half of the tires were missing from that trailer, and that combined with the total loss of the other trailer, his company suffered a loss of $49,000.

Graham and Howard were interviewed individually by the investigating officer. Graham told the officer that he had a flat tire and a missing valve stem on one of the tires on the freightliner and he had followed another truck to the tire distribution company in hopes of getting directions to get it fixed. The dock foreman, the owner of the trucking company, the arresting officer, and the officer who impounded the freightliner all testified that the truck did not have a flat tire. Witnesses also noticed that the air lines and electrical line were hanging loose from the back of the truck, not secured on a hook as they should have been. The owner of the trucking company testified that this was unusual because it is dangerous and illegal to drive with hoses in that condition. Graham told the investigating officer that they were going to LaGrange or Dalton, Georgia, to pick up carpet and then would head west to Nevada, California, or Arizona. Howard told police that they were going to Tennessee and then returning to Atlanta.

While in custody, Howard told the investigating officer that he needed to use the restroom. The officer accompanied Howard to the restroom to make sure that he did not attempt to dispose of any contraband. The officer noticed that Howard did not relieve himself and became suspicious. He told a second officer transporting Graham and Howard to search them for contraband once they reached the adult detention center. At the adult detention center, the transporting officer and a third officer conducted a strip search of both men. Howard was wearing shorts under a pair of long pants, and in a pocket of the shorts the officer found a note. The officer recalled at trial that the note included the name of the tire distribution company, a dollar amount, the name of the trucking company Graham and Howard worked for, directions to the tire distribution company, and a description of a trailer by color and company name. This third officer was not aware of the reason Graham and Howard were arrested, and did not see any significance in the note when he found it. He placed the note in Howard's property bag. The officer was later ordered to impound the freightliner, and after discovering that it was located at the tire distribution company named in the note, he told the arresting officer about the note. Howard was released on bond the next day, and the police were unable to recover the note. Graham claimed not to know anything about the note.

Graham and Howard were tried in October 2001. Following the guilty verdict, Graham filed a motion for new trial on December 26, 2001, which was denied in February 2002. The case was docketed in this Court in September 2002, and then remanded for an evidentiary hearing on Graham's claim of ineffective assistance of counsel in October 2002. Graham filed amended motions for new trial on November 11, 2002, and December 12, 2002. Both motions were denied on February 6, 2003. Graham appeals.

1. In his first enumeration of error, Graham argues the evidence was insufficient to support his conviction. We disagree.

When reviewing a criminal conviction, we view the evidence in the light most favorable to the verdict, and Graham no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Graham was guilty of theft by taking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). For a conviction based on circumstantial evidence to stand, the facts must prove not only the hypothesis of guilt, but must exclude every other reasonable hypothesis but the guilt of the accused. OCGA § 24-4-6. Whether the circumstances exclude every reasonable hypothesis except for Graham's guilt was a question for the jury. *Smith v. State*, 255 Ga. App.

797, 798 (567 SE2d 322) (2002); *Matthews v. State*, 257 Ga. App. 886, 887 (1) (572 SE2d 391) (2002).

To convict Graham of theft by taking, the State had to prove he unlawfully took the property of the trucking company with the intention of depriving the company of the property. OCGA § 16-8-2. The trucking company employee witnessed Graham backing the freightliner away from one of the trailers that had been missing. The air hoses and electrical hoses were hanging off the back of the truck as if Graham had been attempting to make a quick getaway. When the police officer arrived on the scene and turned on his blue lights, Graham did not immediately stop the freightliner. Graham and Howard told police inconsistent stories about where they were going. Graham told police that he had followed a truck to the tire distribution company to get directions on where to get his tire repaired. However, the evidence showed that Graham did not have a flat tire on the freightliner. The note found in Howard's pocket naming the tire distribution company and giving directions to its location contradicts Graham's assertion that he had to follow another truck to the tire distribution company. A review of this circumstantial evidence leads us to the conclusion that the jury could have excluded every reasonable hypothesis save that of Graham's guilt. See *Pitmon v. State*, 265 Ga. App. 655, 657-658 (1) (595 SE2d 360) (2004).

2. Graham argues that the trial court erred in denying the defense's motion in limine to prevent the police officer from discussing the note found in his co-defendant's pocket. As Graham's appellate counsel concedes, however, trial counsel failed to object to such testimony at trial, and the motion in limine was only to prevent the prosecutor from discussing the note in his opening statement.[1] When an issue that is alleged to constitute error on appeal is not preserved at trial by perfecting the record, there is nothing for this Court to review and the issue is waived. See, e.g., *Brewer v. State*, 219 Ga. App. 16, 18 (2) (463 SE2d 906) (1995).

3. Graham argues that the trial court erred in admitting hearsay testimony of the other truck driver's statements to the investigating officer. We disagree.

In this case, the arresting officer saw another truck on the property of the tire distribution company. He approached the truck and knocked on the window to get the attention of the driver. After a few moments, the driver appeared at the window; he appeared to the arresting officer to have been sleeping. At trial the officer testified over objection that the driver told him that he had been sleeping in

---

[1] The trial court denied the motion, instructing the attorneys that they would have to "raise [their] objections at the time the evidence is being developed or inquired about."

the truck. Defense counsel cross-examined the officer about why he did not search the trailer attached to this truck. On redirect the officer explained that he did not search the trailer because the driver told him that he had been sleeping. Although Graham argues that the officer's testimony was hearsay, the testimony was not offered to prove the truth of the matter asserted (that the driver had been sleeping), but to show the officer's rationale for failing to search. Thus the trial court did not err in allowing this testimony. See, e.g., *Holmes v. State*, 266 Ga. 530, 531 (2) (468 SE2d 357) (1996); see also *Reed v. State*, 222 Ga. App. 376, 378 (2) (474 SE2d 264) (1996); OCGA § 24-3-2.

4. Graham argues he was denied effective assistance of counsel because his attorney did not raise a hearsay objection when the officer testified about the contents of the note found in co-defendant Howard's pocket. We disagree.

In order to prove ineffective assistance of counsel, Graham must show that counsel's performance was deficient and that this deficient performance prejudiced his defense to a point where there was a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination as to counsel's effectiveness will be upheld on appeal unless it is clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

Trial counsel testified at the motion for new trial hearing that he cross-examined the officer who found the note to discover why it was not an important part of the investigation. His strategy was to argue that the note should have been so important that if it existed there would.have been further investigation by the arresting officer, and that never occurred. He also testified that in his conversations with Graham, Graham did not know anything about the note and did not believe it existed. Here, Graham's claim of ineffectiveness is grounded in matters of trial tactics and strategy and does not provide a basis for finding counsel's performance to be deficient. See *Rutledge v. State*, 237 Ga. App. 390, 392 (2) (515 SE2d 1) (1999); *Gates v. State*, 252 Ga. App. 20, 22 (2) (555 SE2d 494) (2001). As Graham has failed to satisfy the first prong of the *Strickland* test, we uphold the trial court's finding that he was afforded effective assistance of counsel.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 15, 2004.

*Maria Murcier-Ashley*, for appellant.

*Patrick H. Head, District Attorney, Philip A. Holloway, Dana J. Norman, Assistant District Attorneys*, for appellee.