A08A0864. HALL v. THE STATE.
(668 SE2d 880)

BARNES, Chief Judge.
Kentonda Hall appeals his conviction, following a bench trial, of one count of burglary.[1] Hall contends the verdict was not supported by the evidence. We disagree, and affirm.

Viewed most favorably to the verdict, the evidence shows that the victim returned from grocery shopping and discovered Hall coming out of her house. She asked him why he was there, and Hall told her that he was looking for her. The victim testified that Hall had no reason to be looking for her and "no business being there."

The victim asked Hall why he was looking for her, but Hall did not give a clear answer. Instead, without invitation from the victim, Hall began carrying groceries from her car into her home. While Hall was still in her home, the victim discovered that a basket containing money she set aside to pay utility bills was overturned into a clothes basket. The victim testified that $24 she placed in that basket before going to the grocery store was missing. After Hall left, the victim

---

[1] OCGA § 16-7-1. Hall does not challenge his conviction for giving false information to law enforcement (OCGA § 16-10-25).

contacted him through her niece, asking him to return the money, but Hall denied taking it. Two days later, the victim reported the burglary to the police. After an investigation by the local police, the Georgia State Patrol issued a "be-on-the-lookout" notice for Hall.

A state trooper, acting on that notice, approached Hall and asked him to identify himself. Hall falsely identified himself as Kevin Wright. On cross-examination, Hall admitted that he lied to the officer when he deliberately gave him a false name. Hall was convicted of burglary and giving a false name to a law enforcement officer, and this appeal followed.

Hall contends the burglary verdict was not supported by sufficient evidence. When this court reviews an appeal of a criminal conviction, the appellant no longer enjoys the presumption of innocence and we view the evidence in the light most favorable to the verdict. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). We do not, however, re-weigh testimony, determine witness credibility, or address assertions of conflicting evidence; our role is to determine whether the evidence presented is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt. Id. Although Hall correctly argues that the "any evidence rule" is unconstitutional and cannot be applied at the appellate level to determine whether sufficient evidence existed to support a finding of guilt beyond a reasonable doubt, we do not apply that standard. Further, he is incorrect in his assertion that the factfinder "had an obligation" to return a not guilty verdict.

Under Georgia law a person commits burglary when he enters the dwelling house of another without authority with the intent to commit a theft therein. OCGA § 16-7-1. In this case, the victim testified that she saw Hall leaving her house and that he did not have authority to be there. Further, circumstantial evidence exists from which the trial court could infer that Hall intended to commit theft while he was in the house because the money was there before Hall entered the house and it was gone after he left. Additionally, the trial court could infer that Hall had taken the money because he testified at a December 2006 probation hearing he had money to pay the "whole thing off," but he did not when he learned that he had a burglary charge against him and that he lied to a state trooper about his identity.

When the trial court is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law. *Pattillo v. State*, 250 Ga. 510, 512 (299 SE2d 710) (1983). A conviction based upon circumstantial evidence is authorized only when the proved facts are not only consistent with the hypothesis of guilt, but exclude every

other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6. When the evidence meets this test, however, circumstantial evidence is as probative as direct evidence, *Christmas v. State*, 171 Ga. App. 4, 7 (318 SE2d 682) (1984), and "[w]hether this burden has been met is a question for the [factfinder]." (Citation omitted.) *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546) (1989). Further, circumstantial evidence must exclude only reasonable hypotheses save the defendant's guilt; it need not exclude every other inference or hypothesis except the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987).

Viewing the evidence in a light most favorable to the verdict, we conclude that the trial court rationally could have found from the circumstantial evidence that every reasonable hypothesis was excluded except that Hall entered the victim's home without permission with the intention to commit a theft therein. The transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Hall was guilty of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 28, 2008.

*Harold W. Wallace III*, for appellant.
*Dennis C. Sanders, District Attorney, Kevin R. Jajeska, Assistant District Attorney*, for appellee.