A09A1003. IN THE INTEREST OF M. D. P., a child.
(687 SE2d 178)

DOYLE, Judge.

The Juvenile Court of Clayton County adjudicated 16-year-old M. D. P. delinquent based upon acts that would have constituted the crimes of armed robbery[1] and aggravated assault[2] if committed by an adult, and the court committed him to the custody of the Georgia Department of Juvenile Justice until his 21st birthday. M. D. P. appeals, contending that the evidence presented was insufficient to support an adjudication of delinquency based upon armed robbery.[3] Finding no error, we affirm.

> With respect to the sufficiency of the evidence supporting a juvenile court adjudication of delinquency, we apply the same standard of review that is used in any criminal case by construing the evidence in favor of the adjudication to determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged. In the instant case, we must construe the testimony of [the witnesses at the delinquency hearing] in favor of the delinquency adjudication[ ].[4]

So viewed, the evidence showed that between 9:30 p.m. and 10:30 p.m. on September 22, 2007, M. D. P. approached another minor, Q. W. and asked him if he wanted to "hit a lick," a term meaning rob someone. M. D. P. also showed Q. W. a gun. The two stood in the bushes until they saw a man, Jody Jackson, riding his bike down the street. Q. W. knocked Jackson off the bike by hitting him with a stick. Once Jackson fell off the bike, M. D. P. hit Jackson in the head with the gun, held him in a choke hold, and demanded

---

[1] OCGA § 16-8-41.

[2] OCGA § 16-5-21.

[3] The finding of delinquency based on aggravated assault merged with armed robbery and was dismissed.

[4] (Punctuation omitted.) *In the Interest of A. B.*, 296 Ga. App. 350 (674 SE2d 401) (2009).

that he turn over his money. M. D. P. and Q. W. then checked Jackson's pockets and took his keys, some change, and a few novelty coins.

At the delinquency hearing, Jackson testified that during the encounter he recognized one of the two minors as "Pooh," whom he identified as M. D. P., a boy he had known for quite some time from living in the neighborhood. Jackson also testified that he recognized Pooh's voice during the encounter and confirmed he had heard Pooh's voice prior to the robbery.

In addition to Jackson's own testimony of the encounter, Q. W. testified that M. D. P. approached him to participate in a robbery, that M. D. P. had a gun and that after Q. W. knocked Jackson off the bike, M. D. P. hit Jackson in the head with the gun and checked his pockets. At the hearing, Q. W.'s brother, C. W., identified M. D. P. as Pooh and testified that later the same evening M. D. P. bragged to him that he and Q. W. had robbed "some white man."

In his defense, M. D. P. relied on the testimony of a family friend, Lucinda Weems, who testified that on the date in question M. D. P. was at her home the entire day helping to clean up for her daughter's 15th birthday party and that M. D. P. played the role of deejay that evening from 8:00 p.m. until at least midnight.

M. D. P. contends that the evidence was insufficient to support an adjudication of delinquency for armed robbery. We disagree.

> A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.[5]

On appeal, M. D. P. argues that the testimony of Weems as to his whereabouts at the time of the alleged robbery demanded a finding that M. D. P. could not have committed the crimes. In the delinquency hearing, it was the role of the juvenile court judge to hear and weigh the testimony of the witnesses.[6] Thus, it was for the juvenile court judge to determine whether to believe the testimony of Weems or Jackson, Q. W., and C. W. We cannot say that she erred in discounting the alibi testimony of Weems.

---

[5] OCGA § 16-8-41 (a).

[6] See *In the Interest of J. J. H.*, 160 Ga. App. 100 (286 SE2d 65) (1981) (in delinquency proceeding, juvenile court judge acts as the finder of fact); *Hall v. State*, 294 Ga. App. 274, 275 (668 SE2d 880) (2008) (when reviewing the sufficiency of the evidence, the appellate court does not "re-weigh testimony, determine witness credibility, or address assertions of conflicting evidence").

M. D. P. also argues that certain hearsay and bolstering testimony should not have been admitted into evidence. "When sitting as the finder of fact, the [juvenile] court is presumed to have separated admissible evidence from inadmissible evidence and considered only the former in reaching its judgment."[7] Thus, absent a showing that the trial court actually considered inadmissible evidence, we "will not disturb the presumption that the trial court considered only admissible evidence in reaching its judgment."[8] There has been no such showing here. To the contrary, at the hearing on M. D. P.'s motion for new trial, the juvenile court expressly stated that it did not consider any inadmissible evidence, but that its adjudication of delinquency was based solely on the legally admissible evidence. Therefore, this argument is without merit.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

### DECIDED NOVEMBER 19, 2009.

*David J. Walker*, for appellant.
*Tracy G. Lawson, District Attorney, R. Christopher Montgomery, Jr., Assistant District Attorney*, for appellee.

