### A10A1412. TAUCH v. THE STATE.
(700 SE2d 645)

MILLER, Chief Judge.

A jury convicted Sarann Tauch of one count of theft by taking (OCGA § 16-8-2), two counts of fleeing or attempting to elude a police officer (OCGA § 40-6-395 (a)), and one count of criminal damage to property in the second degree (OCGA § 16-7-23). Tauch appeals, contending that the evidence was insufficient to support his convictions for theft by taking and fleeing or attempting to elude a police officer. Discerning no error, we affirm.

When reviewing a criminal conviction, we view the evidence in the light most favorable to the verdict, and [the

---

[6] *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 27 (2) (351 SE2d 218) (1986).

defendant] no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that [the defendant] was guilty of [the crimes for which he was convicted].

(Citations omitted.) *Graham v. State*, 269 Ga. App. 590, 592 (1) (604 SE2d 651) (2004).

Viewed in the light most favorable to the jury's verdict, the evidence shows that on July 21, 2007, at approximately 2:20 a.m., an alarm activated at the First Georgia Bank ("First Georgia") in Jefferson. Pursuant to a radio call about an ATM theft, Sergeant Nick Smith of the City of Jefferson Police Department responded to First Georgia at 2:33 a.m. He was in uniform, in a City of Jefferson marked patrol car, equipped with blue lights on top. Upon his arrival, he observed scuff marks on the pavement behind the bank's parking lot, leading in the direction of a vacant grassy lot, which was not well-lit. The bank's ATM had been uprooted from its foundation and was missing; loose wires and loose concrete were in its place. Suddenly, he noticed the headlights and taillights of a large vehicle pull out of the vacant lot at a high rate of speed, dragging what he believed to be loose wires from an ATM machine, causing "sparks" to fly. Sergeant Smith called Officer James McNatt for backup, and pursued Tauch's vehicle on U.S. 129 at speeds in excess of 100 miles per hour. After Tauch's vehicle ran a stop sign, Sergeant Smith activated his blue lights in order to stop the vehicle, but Tauch accelerated. Upon reaching Winder Highway, Sergeant Smith also activated his emergency siren, yet Tauch continued to flee, running a red light.

Officer McNatt also pursued Tauch behind Sergeant Smith, who was traveling northbound on U.S. 129 in a high-speed pursuit of Tauch's vehicle. Braselton police assisted by deploying "stop sticks" in Tauch's direction of travel. As the tires of Tauch's vehicle deflated, the vehicle struck a median, slowing it down, and enabling Officer McNatt to effect a traffic stop by pinning it against a guardrail. A 25-foot tow strap with a large metal hook at the end was tied to the tow hitch of Tauch's vehicle. The officer also identified Tauch's vehicle as the same vehicle depicted in surveillance photos at the bank at 12:51 a.m. and 2:29 a.m. that same day.

In other testimony, a detective with the Jefferson Police Department testified that, at 3:00 a.m. on July 21, 2007, he observed a damaged ATM structure in the grassy area adjacent to the bank. Scrape marks were on the pavement, suggesting that a heavy object had been dragged from the location of the ATM to the grassy lot. Tire

tracks at the scene matched the tire tread of Tauch's vehicle. Upon searching Tauch incident to his arrest, police found a black pair of gloves in his waistband and a roll of black electrical tape.

1. Tauch contends that the circumstantial evidence was insufficient to support his conviction for theft by taking because the State failed to exclude every reasonable hypothesis except his guilt. We disagree.

> For a conviction based on circumstantial evidence to stand, the facts must prove not only the hypothesis of guilt, but must exclude every other reasonable hypothesis but the guilt of the accused. Whether the circumstances exclude every reasonable hypothesis except for [Tauch's] guilt was a question for the jury.

(Citations omitted.) *Graham*, supra, 269 Ga. App. at 592-593 (2); OCGA § 24-4-6.

In order to convict Tauch of the offense of theft by taking, the State was required to prove that he "unlawfully [took] . . . [the] property of [First Georgia] with the intention of depriving [First Georgia] of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2. "Deprive" means "without justification . . . [t]o withhold property of another permanently or temporarily[.]" OCGA § 16-8-1 (1) (A).

Here, Tauch did not testify. We conclude that the record "discloses only one reasonable hypothesis — [Tauch's] guilt." *Howard v. State*, 263 Ga. App. 593, 595 (1) (b) (588 SE2d 793) (2003). The ATM was removed from First Georgia's property without authorization; Tauch's vehicle was observed at the bank approximately two hours before the theft was reported and shortly after the alarm was activated; tire tracks at the scene matched the tire prints on Tauch's vehicle; Tauch's vehicle had a 25-foot tow strap with a large metal hook tied to it; scrape marks consistent with a heavy object being drug on the pavement led from the ATM's location in the direction of a nearby grassy lot, where the ATM was later found; and Tauch possessed black electrical tape and gloves upon his arrest. The circumstantial evidence was sufficient to authorize the jury to exclude every reasonable hypothesis except that of Tauch's guilt. *Graham*, supra, 269 Ga. App. at 593 (1); see also *Kennedy v. State*, 136 Ga. App. 305 (1) (220 SE2d 788) (1975) (defendant's possession of tools, implements or any articles with which conspiracy to commit armed robbery might have been committed was circumstantial evidence of his guilt). Further, the jury was authorized to consider Tauch's flight from the scene and police as circumstantial evidence of

his guilt. *Shaheed v. State*, 245 Ga. App. 754 (1) (538 SE2d 823) (2000) ("[T]he fact that a suspect flees the scene of a crime points to the question of guilt in a circumstantial manner. . . .") (citations and punctuation omitted).

2. Tauch argues that the evidence was insufficient to support his convictions for fleeing or attempting to elude a police officer because the State failed to prove that the police officers were in a marked patrol vehicle and that he willfully failed to stop upon their request. We are not persuaded.

OCGA § 40-6-395 (a) makes it unlawful for any driver of a vehicle to

> willfully . . . fail or refuse to bring his or her vehicle to a stop
> or otherwise to flee or attempt to elude a pursuing police
> vehicle or police officer when given a visual or an audible
> signal to bring the vehicle to a stop. The signal given by the
> police officer may be made by . . . emergency light, or siren.
> The officer giving such signal shall be in uniform promi-
> nently displaying his or her badge of office, and his or her
> vehicle shall be appropriately marked showing it to be an
> official police vehicle.

The evidence is undisputed that Officers Smith and McNatt pursued Tauch's fleeing vehicle in a high-speed chase, in patrol vehicles clearly marked City of Jefferson Police, with their emer-gency lights and sirens activated. Despite these warnings, Tauch ran a stop sign and a red light and refused to stop his vehicle until the "stop sticks" disabled his vehicle. This evidence was sufficient to find Tauch guilty beyond a reasonable doubt of two counts of fleeing or attempting to elude a police officer. OCGA § 40-6-395 (a); *Har-buck v. State*, 280 Ga. 775, 777 (1) (631 SE2d 351) (2006) (evidence that officer in marked police vehicle pursued defendant's fleeing vehicle with blue lights flashing for several miles until defendant's vehicle was stopped by spike strips sufficed to show defendant's wilful failure to stop); *English v. State*, 261 Ga. App. 157, 158-159 (1) (582 SE2d 136) (2003) (evidence that officer was on patrol in his patrol vehicle with his blue light flashing and siren sounding was sufficient to convict defendant of fleeing or attempting to elude police officer).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 23, 2010.

*Donna A. Seagraves, Crandall A. Heard*, for appellant.

*James B. Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.