## A11A0198. SMITH v. THE STATE.

(710 SE2d 654)

PHIPPS, Presiding Judge.

A jury found Robert Smith guilty of burglary.[1] Smith appeals, challenging the sufficiency of the evidence to support the conviction. We affirm.

When an appellant challenges the sufficiency of the evidence to support the conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2]

So viewed, the evidence showed the following. Shortly after midnight on October 5, 2008, sheriff's deputies responded to a

---

[1] OCGA § 16-7-1 (a) provides, in relevant part, that "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters . . . any building."

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

burglary alarm at a closed convenience store at the intersection of Highway 142 and Dixie Road. They arrived to find glass broken out of the store's front door and a van parked directly in front of that door, which was located about 40 feet from the gasoline pumps.

The deputies entered the store; no one was inside. The deputies saw several packs of cigarettes scattered about the floor inside the store, and more packs of cigarettes outside between the store and the van. Packs of cigarettes were also found on the ground at the corner of the store, leading toward Dixie Road, and under the van's tire.

A police officer brought a dog trained to track human scent to the scene. The dog acquired a scent and led the officer from the front of the store to the van, then around the store toward Dixie Road. The dog stopped upon losing the scent on Dixie Road.

Deputies searched the van and found therein several packs of cigarettes, some of which were "the same brand that was making the trail out from the counter." They also found keys to the van inside the vehicle, along with a document bearing Smith's name and address; the address indicated was located in the direction in which the canine had been heading when he lost the scent. Deputies observed that the gasoline gauge was on "E," and they were unable to start the van. The van's engine was warm. Deputies determined that the van was registered to a person at the same address as that shown on the document found in the van.

The burglary was captured on store surveillance cameras. The videotape evidence, which was transferred to a DVD and also made into still photographs, was shown to the jury. A sheriff's office investigator described in detail the store's location and testified that, based on the surveillance footage, the van appeared to have entered the parking lot from Highway 142, not Dixie Road. He further testified that in one of the still photographs, the burglar appeared to be wearing "house slippers" as he walked inside the store. Another deputy concluded that based on the evidence found at the scene, the burglar had gone from the store to the van, had driven the van a short distance and, when he could not drive it any farther, had gotten out and fled on foot. The store's owner testified that the store had been closed when it was broken into, and that cigarettes had been stolen.

On October 16, after being advised of his *Miranda* rights, Smith was interviewed by an investigator with the sheriff's office. Smith told the investigator that he had driven the van on the morning in question and that he had picked up a hitchhiker (who Smith said was approximately his height and had about the same skin tone as Smith). Smith stated that he had been driving on Dixie Road, and coasted into the parking lot of the convenience store when the van ran out of gasoline. He left the van there and walked home. Smith

stated that he did smoke cigarettes and had been wearing "house slippers" that morning. Audiotapes of the interviews were played for the jury. Smith did not testify at trial.

Smith contends that the evidence was insufficient because it did not exclude the reasonable hypothesis that the burglar "may have been a third party who was not charged." He argues that the photographic evidence "showed a hazy image of the [burglar's] clothes, and did not clearly depict his face." At trial, defense counsel proposed in closing argument the theories that the burglary either was committed by the hitchhiker or was "completely unrelated to . . . Smith's car running out of gas."

"For a conviction based on circumstantial evidence to stand, the facts must prove not only the hypothesis of guilt, but must exclude every other reasonable hypothesis but the guilt of the accused."[3] "[C]ircumstantial evidence must exclude only *reasonable* hypotheses save the defendant's guilt; it need not exclude every other inference or hypothesis except the defendant's guilt."[4] Questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence, and where the jury is authorized to find that the evidence was sufficient to exclude every reasonable hypothesis except that of guilt, this court will not disturb that finding unless the verdict of guilty is insupportable as a matter of law.[5] The verdict in this case was not insupportable as a matter of law.

The jury was authorized to reject Smith's theory that a hitchhiker who bore a resemblance to him, or some other uncharged person, burglarized the store. The jury may have found Smith's hypothesis unreasonable, particularly in light of evidence that: Smith had driven the van to the convenience store; he smoked cigarettes; cigarettes were stolen from the store; packs of cigarettes were found in, around, and under the van shortly after the store was burglarized; the van, its engine still warm, was stopped directly in front of the closed store's broken front door, not near the gasoline pumps; until the scent was lost, the dog led its handler in the direction of Smith's address; Smith wore footwear that appeared to be of the same type worn by the burglar; and the van entered the parking lot from a direction inconsistent with Smith's version of events. Moreover, even if the photographic evidence was "hazy" and "did not clearly depict [the burglar's] face," Smith was present in the courtroom and the jury was able to compare some aspects of his

[3] *Tauch v. State*, 305 Ga. App. 643, 645 (1) (700 SE2d 645) (2010) (citations and punctuation omitted).

[4] *Hall v. State*, 294 Ga. App. 274, 276 (668 SE2d 880) (2008) (citation omitted; emphasis supplied). See *Hewitt v. State*, 277 Ga. 327, 330 (1) (b) (588 SE2d 722) (2003).

[5] *Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998).

physical appearance with that of the burglar.

A rational trier of fact was authorized to find from the circumstantial evidence that every reasonable hypothesis was excluded except that Smith entered the convenience store without authority with the intention to commit a theft therein,[6] and was authorized to find beyond a reasonable doubt that Smith was guilty of burglary.[7]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED MAY 3, 2011.

*Teresa L. Smith*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, T. Buckley Levins, Assistant District Attorney*, for appellee.

---

[6] See *Hall*, supra; see also *Graham v. State*, 269 Ga. App. 590, 593 (1) (604 SE2d 651) (2004).

[7] See *Rolling v. State*, 275 Ga. App. 902, 905 (1) (622 SE2d 102) (2005); *Moore v. State*, 242 Ga. App. 208, 210-211 (1) (529 SE2d 210) (2000).