A12A0197. KELLY v. THE STATE.

(722 SE2d 175)

ELLINGTON, Judge.

A Richmond County jury found James Kelly guilty beyond a reasonable doubt of theft by taking (automobile), OCGA § 16-8-2 (a). Following the denial of his motion for a new trial, Kelly appeals, contending that the trial court erred in denying his motion for a directed verdict of acquittal. Finding no error, we affirm.

> In reviewing the denial of a motion for a directed verdict of acquittal, we apply the same standard of review applicable to a challenge to the sufficiency of the evidence. Under that standard, we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations and punctuation omitted.) *Clement v. State*, 309 Ga. App. 376, 377 (1) (710 SE2d 590) (2011). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The appellate court

> does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). In addition, in cases dependent on circumstantial evidence, questions as to the reasonableness of a defendant's explanation of circumstantial facts or an alternative hypothesis of events are also for the jury to resolve. *Viers v. State*, 303 Ga. App. 387, 390 (1) (693 SE2d 526) (2010).[1] "Where a jury has found that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except that of guilt, its findings will not be disturbed unless the verdict is unsupportable as a matter of law." (Punctuation and footnote omitted.) Id.

Viewed in the light most favorable to the verdict, the evidence shows that on April 30, 2008, Kelly stopped at Lightning Automotive in Richmond County and asked about a 1996 Lincoln Town Car that was parked on the lot and marked "for sale." The shop's owner told Kelly to call the car's owner and gave him the number. After the car's owner gave his permission for a test drive, Kelly showed the shop's owner his driver's license and obtained the car key, which was an original issue key bearing the Lincoln Continental logo. Kelly drove away in the car and returned after 30 to 35 minutes. The following morning, the shop's owner discovered that the car had been stolen.

On May 2, 2008, a police officer encountered Kelly standing by the car with the hood raised. Kelly told the officer that he was having trouble with the car. As the officer checked on the car's registration, Kelly dropped the hood of the car and drove away. The officer then received a response to his tag query that the car had been stolen, searched the area, and found Kelly driving into a nearby grocery store lot. Kelly had a duplicate key for the car, not the original issue key he had used for the test drive. Later, the automotive shop's owner viewed a photographic lineup and picked a photograph of Kelly as being the man who test drove the car the day before it was stolen from the shop.

Kelly contends that the evidence failed to exclude his alternative hypothesis that someone else stole the car and then conveyed it to him. This determination, however, was for the jury to make. Evidence that Kelly showed an interest in the car, had the opportunity to have a duplicate key made, was driving the car hours after it was stolen using a duplicate key, and fled from the officer, even while the car was supposedly malfunctioning, authorized the jury to infer that Kelly stole the car from the automotive shop.[2] Because the verdict

---

[1] See OCGA § 24-4-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.").

[2] See *Tauch v. State*, 305 Ga. App. 643, 645-646 (1) (700 SE2d 645) (2010) (Evidence that a bank's ATM was dragged to a nearby grassy lot, that the defendant's vehicle was observed

was not insupportable as a matter of law, Kelly's argument presents no basis for reversal.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*

DECIDED JANUARY 13, 2012.

*Peter D. Johnson*, for appellant.

*R. Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

at the bank approximately two hours before the theft was reported and shortly after the alarm was activated, that the defendant's vehicle had a tow strap with a large metal hook tied to it, that defendant fled from the police, and that the defendant possessed black electrical tape and gloves upon his arrest was sufficient to sustain the defendant's theft conviction.); *Rautenberg v. State*, 178 Ga. App. 165, 167 (1) (a) (342 SE2d 355) (1986) (Evidence that the defendant had the opportunity to commit the theft, that the recently stolen goods were found in his truck when he was stopped by a GBI officer the following morning, and that he falsely told the officer there was "nothing" in the back of his truck was sufficient to sustain the defendant's theft conviction.); *Ivester v. State*, 66 Ga. App. 563 (1) (18 SE2d 508) (1942) (Evidence that the defendant was a passenger in a recently stolen car, which had a stolen tag, that he lied about having borrowed the car when the car was stopped by a trooper, and that he and his co-defendants then fled from the police was sufficient to sustain the defendant's theft conviction.).