**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 11, 2014**

# In the Court of Appeals of Georgia

A14A0170. STOKES v. THE STATE.

BARNES, Presiding Judge.

Following the denial of his motion for new trial, Jimmie Lee Stokes appeals from his burglary conviction. On appeal, Stokes contends that the evidence was insufficient to sustain his conviction. Upon our review, we affirm.

On appeal from a criminal conviction, this Court

view[s] the evidence in the light most favorable to the verdict[,] and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

So viewed, the evidence demonstrates that on November 14, 2008, the victim received a call from his home security provider that the security system in his home had been activated. When he arrived home, he looked through his back door and noticed several items were out of place, so he called the police and waited outside for them to come. When the police arrived, they checked the premises but did not locate an intruder; however, they determined that the point of entry was a bathroom window because the window was broken and the glass was located inside the room. They recovered a cigarette butt on the floor of the home's foyer near the living room, and took it into evidence when the victim said that there were no cigarette smokers in the house. The intruder had removed several items, including a television set and video gaming unit, from various locations in the home and placed them together on the kitchen counter, and another television was recovered in the woods near the victim's home. The televison recovered from the woods was wet, and there was a creek located between the victim's house and the woods.

On the day of the burglary, a neighbor saw a suspicious man in her yard, and called police. The man was wearing shorts, and his legs and shoes were wet, and he had mud on his pants. . A visitor who was at the neighbor's house testified that although it had rained that day, it did not look like he had been rained on, but looked as if "he had walked through the creek." The neighbor allowed the man to use her telephone, and after police did not show up, her visitor gave him a ride to apartments off Steven Creek Road. The visitor later told the police who responded to the burglary at the victim's home about the encounter and provided them with the telephone number the man had called. She also described the man to police, and, at trial, identified Stokes as the man she saw that day.

Police called the numbers and reached Stokes' sister, who told them that she did not know where her brother was, and that he frequently moved around. In October of 2009, Stokes was arrested on an unrelated charge, and the DNA obtained from the cigarette matched DNA samples retrieved from Stokes with a 1 in 70 trillion probability.

Stokes contends that the circumstantial evidence was insufficient to sustain his conviction for burglary. We do not agree.

"A person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within [the] . . . dwelling house of another[.]" OCGA § 16-7-1 (a).

> For a conviction based on circumstantial evidence to stand, the facts must prove not only the hypothesis of guilt, but must exclude every other reasonable hypothesis but the guilt of the accused. Circumstantial evidence must exclude only reasonable hypotheses save the defendant's guilt; it need not exclude every other inference or hypothesis except the defendant's guilt.

(Punctuation, footnotes and emphasis omitted.) *Smith v. State*, 309 Ga. App. 466, 468 (710 SE2d 654) (2011).[1] It is for the jury to determine whether the circumstances are sufficient to exclude every reasonable hypothesis except that of the defendant's guilt, and we will not disturb the jury's finding unless the verdict is insupportable as a matter of law. Id.

Here, the circumstantial evidence demonstrated that Stokes' DNA was on a cigarette butt found in the victim's home with no explanation of any other reason it

---

[1] "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Former OCGA § 24-4-6 (now codified at OCGA § 24-14-6).

4

would be there, that Stokes was in the area of the burglary during the time period, that his clothing was wet and muddy when he was in the neighbor's yard, and that some of the recovered items were also wet. This combined evidence was sufficient to support Stokes' conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). See *Marion v. State*, 276 Ga. App. 553, 554 (623 SE2d 739) (2005) (holding that defendant's fingerprints at the scene of the crime, which were otherwise unexplained, combined with circumstantial evidence was sufficient to support burglary conviction). "[C]ircumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt." (Emphasis in original.) *White v. State*, 263 Ga. 94, 97 (1) (428 SE2d 789) (1993).

*Judgment affirmed. Boggs and Branch, JJ., concur*.