## 65741. SHEHEE v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of armed robbery, and appeals on the general grounds. He also contends the trial court erred by denying his motion to arrest judgment because the verdicts were inconsistent, and by denying his motion for a mistrial based on improper remarks made by the prosecuting attorney.

The evidence disclosed that Jeffrey Britt devised a plan to kidnap Mrs. Adelaide Ruzza at knife point, go to a drive-in bank, and force Mrs. Ruzza to withdraw several thousand dollars as ransom for her release. Britt discussed his plan with appellant, who advised Britt it would be better to use a gun and then hold Mrs. Ruzza until her husband paid a ransom for her release. Britt adopted this plan and thereafter, appellant furnished a gun to Britt in exchange for a promise of $2,000 of the ransom money. The following day Britt went to the Ruzza farm and forced his way into the house at gunpoint. He demanded that Mrs. Ruzza give him all her money, and Mrs. Ruzza gave Britt $68. Britt then got the keys to Mrs. Ruzza's car, forced her into the car, and drove to a wooded area where he tied Mrs. Ruzza to a tree and gagged her. Britt left and called Mrs. Ruzza's husband on the telephone, demanding $10,000 for the safe return of his wife. After contacting the sheriff's office Mr. Ruzza got $10,000 from his bank

and deposited it in a mailbox as directed. Britt picked up the money and subsequently returned the gun and $200 to appellant. Mrs. Ruzza managed to free herself, called her husband, and was returned to her home safely.

Appellant was charged with kidnapping, burglary, armed robbery, theft by taking and aggravated assault; he was found not guilty of all offenses except armed robbery.

1. Appellant argues that there is no evidence to show that he intentionally aided and abetted Britt in the armed robbery, or that he intended to commit theft, an essential element of armed robbery. He also contends that there is no evidence that he had any knowledge of the armed robbery and thus, the evidence is not sufficient to support the verdict.

OCGA § 16-2-20 (Code Ann. § 26-801) provides: "(a) Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. (b) A person is concerned in the commission of a crime only if he: . . . (3) Intentionally aids or abets in the commission of the crime . . ." OCGA § 16-2-20 (Code Ann. § 26-801) embodies the theory of conspiracy insofar as it renders one not directly involved in the commission of a crime responsible as a party thereto. *Scott v. State,* 229 Ga. 541, 544 (1) (192 SE2d 367) (1972). It is well settled that when individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one of the conspirators is in legal contemplation the act of all, subject to the qualification that each is responsible for the acts of the others only so far as such acts are naturally or necessarily done pursuant to or in furtherance of the conspiracy. *Handley v. State,* 115 Ga. 584 (41 SE 992) (1902); *Wall v. State,* 153 Ga. 309, 318 (2) (112 SE 142) (1922); *Clarke v. State,* 221 Ga. 206, 212 (144 SE2d 90) (1965); *Smith v. State,* 230 Ga. 876 (199 SE2d 793) (1973). Applying this rule to the facts in the instant case, the armed robbery was naturally or necessarily done pursuant to or in furtherance of the conspiracy to kidnap Mrs. Ruzza. Thus, by helping Britt plan the kidnapping and providing him with a gun for that purpose, appellant was a party to the crime of armed robbery and the evidence was sufficient to support a conviction of that offense. OCGA § 16-2-20 (Code Ann. § 26-801); *Smith,* supra. We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. After trial appellant filed a Motion to Arrest Judgment on the ground that the verdict of guilty of armed robbery is repugnant to the jury's verdict of not guilty of burglary, theft by taking, aggravated assault and kidnapping. The motion was denied and appellant alleges

error in that ruling. He argues that by finding him not guilty of four of the five offenses charged against him, the jury found implicitly that appellant did not aid and abet Britt in the commission of those offenses. Appellant argues that he could not be guilty of aiding and abetting the commission of armed robbery if he did not aid and abet commission of the other four offenses.

OCGA § 17-9-2 (Code Ann. § 27-2301) provides: "The jury shall be the judges of the law and the facts in the trial of all criminal cases and shall give a general verdict of 'guilty' or 'not guilty' . . . Verdicts are to have a reasonable intendment, are to receive a reasonable construction, and are not to be avoided unless from necessity."

The determinative factor in deciding whether verdicts are repugnant is "whether the acquittal of one charge *necessarily includes* a finding against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge." (Emphasis supplied.) *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398) (1973); *Jackson v. State,* 154 Ga. App. 411, 412 (2) (268 SE2d 749) (1980); *Martin v. State,* 157 Ga. App. 304, 305 (3) (277 SE2d 300) (1981). Applying this standard to the facts of the instant case, the jury's verdict of guilty of armed robbery is not inconsistent with its verdict of not guilty of the other charges. The jury could very well have believed that the gun was used only in commission of the armed robbery, and since appellant's only criminal act as an aider and abettor was to furnish the gun, he was only guilty of the offense in which the gun was actually used. Thus, this enumeration of error is without merit.

3. Appellant contends it was error to deny his motion for a mistrial after the prosecuting attorney, in closing argument, stated his personal opinion as to appellant's guilt. The trial court sustained appellant's objection to the comment, denied the motion for a mistrial, and immediately instructed the jury that they were not to base their verdict on the opinion of any of the lawyers as to appellant's guilt or innocence.

This court has held that it is improper for the district attorney to urge his personal belief as to a defendant's guilt. *Shelton v. State,* 146 Ga. App. 763, 765 (2) (247 SE2d 580) (1978). However, in passing on a motion for a mistrial because of an improper comment by the prosecutor, the trial judge may take such action as in his judgment will prevent harm to the defendant, and a new trial will not be granted unless it is clear that such action failed to eliminate the statement from consideration by the jury. *Watkins v. State,* 237 Ga. 678, 682-683 (229 SE2d 465) (1976); *Hoerner v. State,* 246 Ga. 374, 375 (4) (271 SE2d 458) (1980). In the present case appellant's objection was sustained and the jury was instructed that they were not to consider

the opinions of any lawyer in arriving at a verdict. Under the circumstances, the denial of appellant's motion for a mistrial was not an abuse of discretion. *Hoerner,* supra.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 12, 1983 —
REHEARING DENIED JULY 25, 1983 — ▮▮▮▮▮▮

*Floyd M. Buford, James J. Daly, Jr.,* for appellant.

*Theron Finlayson, District Attorney, James F. Garnett, Edward D. Lukemire, George R. Christian, Assistant District Attorneys,* for appellee.