## A98A2013. SHORT v. THE STATE.
(507 SE2d 514)

BLACKBURN, Judge.

Brian David Short appeals his conviction by a jury of armed robbery. Through several enumerations of error, Short contends that the evidence was insufficient to support his conviction and that his trial counsel was ineffective. For the reasons set forth below, we affirm Short's conviction.

1. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Short] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence. *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997)." (Punctuation omitted.) *Jester v. State*, 229 Ga. App. 490, 493 (3) (494 SE2d 284) (1997).

So viewing the evidence, it reveals that Kamari Thomas testified that he, John Kirkland, Mike Kirkland, and Short discussed the best place to commit a robbery. The conspirators decided to rob the Pit Stop convenience store with a gun Short had previously provided. John Kirkland and Thomas committed the robbery while Mike Kirkland and Short waited at the Kirkland residence. The money obtained during the robbery was divided four ways, among Short, Thomas, John Kirkland, and Mike Kirkland.

Short, on the other hand, testified that he was at the Kirkland residence when Thomas said that he was going to go rob the store down the street. Thomas put on all black clothes and left with John Kirkland. Short admitted that he was present when Thomas and John Kirkland returned, but he denied receiving any of the proceeds from the robbery.

Short's testimony conflicted with the taped and written statements he had given the police during their investigation. In a taped interview with the police, Short denied any knowledge of the robbery other than what he had heard from a neighbor. He also told the police that he had never held a gun except his uncle's shotgun. After giving his taped statement, Short left the police station, but returned later the same day. At that time, he gave a written statement in which he admitted knowledge of the robbery including specific details, but denied any involvement in the robbery. Short stated that Thomas had told him early on the day of the robbery that he was going to rob the convenience store.

(a) "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. . . . A person is concerned in the commission of a crime only if he . . . [i]ntentionally aids or abets in the commission of the

crime; or . . . [i]ntentionally advises, encourages, hires, counsels, or procures another to commit the crime." OCGA § 16-2-20 (a), (b) (3) and (4). "[Such Code section] embodies the theory of conspiracy insofar as it renders one not directly involved in the commission of a crime responsible as a party thereto. *Scott v. State*, 229 Ga. 541, 544 (1) (192 SE2d 367) (1972). It is well settled that when individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one of the conspirators is in legal contemplation the act of all, subject to the qualification that each is responsible for the acts of the others only so far as such acts are naturally or necessarily done pursuant to or in furtherance of the conspiracy. *Handley v. State*, 115 Ga. 584 (41 SE 992) (1902); *Wall v. State*, 153 Ga. 309, 318 (2) (112 SE 142) (1922); *Clarke v. State*, 221 Ga. 206, 212 (144 SE2d 90) (1965); *Smith v. State*, 230 Ga. 876 (199 SE2d 793) (1973)." *Shehee v. State*, 167 Ga. App. 542, 543 (307 SE2d 54) (1983).

Applying this rule to the facts in the instant case, the jury was authorized to find that Short helped plan the armed robbery and shared in the proceeds thereof. Further, Short provided the gun which was used to commit the armed robbery. "Thus, by helping [Thomas] plan the [armed robbery] and providing him with a gun for that purpose, [Short] was a party to the crime of armed robbery and the evidence was sufficient to support a conviction of that offense." *Shehee*, supra at 543.

(b) Short also argues that there was insufficient evidence corroborating the testimony of Thomas, a co-indictee. "In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. The corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. The corroborating evidence may be circumstantial. (Citations and punctuation omitted.) *Clanton v. State*, 208 Ga. App. 669, 670 (1) (a) (431 SE2d 453) (1993). The sufficiency of corroborating evidence should be peculiarly a matter for the jury to determine. (Punctuation omitted.) *Harris v. State*, 165 Ga. App. 186, 187 (299 SE2d 393) (1983)." (Punctuation omitted.) *Givens v. State*, 227 Ga. App. 861, 862 (490 SE2d 530) (1997). In the present case, Short's testimony regarding his presence during the planning of the robbery and his action of supplying the gun is sufficient evidence to corroborate Thomas' testimony of Short's participation. See *Shehee*, supra at 543.

2. In two enumerations of error, Short contends that he was denied effective assistance of counsel.

"In evaluating an attorney's performance, judicial review is highly deferential with a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. In considering prejudice, the defendant has the burden of showing a reasonable probability that without counsel's errors the jury would have had a reasonable doubt concerning guilt." *Yi v. State*, 267 Ga. 171, 172 (2) (475 SE2d 623) (1996). "In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The complaining defendant must make both showings. His failure to establish either the performance or the prejudice component results in denial of his Sixth Amendment claim." (Citations and punctuation omitted.) *Holmes v. State*, 205 Ga. App. 168, 169-170 (3) (421 SE2d 311) (1992).

Initially, Short argues that his trial counsel did not object to immaterial and irrelevant evidence which connected the co-indictees to the crimes charged. However, the record makes it clear that Short's trial counsel did object to the introduction of certain evidence connecting the co-indictees to the crimes; however, the trial court ruled that the State was allowed to present its evidence. Next, Short argues that his trial counsel was ineffective because he failed to require the State to reveal the terms of any deal offered to Thomas for his testimony. However, the trial judge and Short's trial counsel stated, during the hearing on Short's motion for new trial, that there was no deal between the State and Thomas. Based on the foregoing, our review of the transcript reveals that Short's trial counsel's performance was not deficient and that, therefore, the trial court did not err in denying Short's motion for new trial on this basis.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 5, 1998.

*Theodore Johnson*, for appellant.
*Robert E. Keller, District Attorney, Adrian Britt, Assistant District Attorney*, for appellee.