## A02A1907. KNIGHT v. THE STATE.
(574 SE2d 606)

MILLER, Judge.

Edward Knight appeals from his conviction for child molestation, contending that the evidence at trial was insufficient to sustain his conviction. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that ten-year-old C. H. was asleep in an upstairs bedroom of her aunt's house when her father, Knight, woke her and led her to a couch downstairs. While C. H. was asleep on the couch, Knight removed her pants and panties and attempted to penetrate her anus with his penis. C. H. was able to squirm away from Knight, and

---

Knight put C. H.'s clothes back on her and got off of her. When C. H. fell asleep again, Knight again attempted to penetrate her anus with his penis. C. H. screamed, alerting her aunt that something had happened, and put her clothes back on before her aunt came downstairs.

The jury found Knight guilty of child molestation, and he now appeals. In his sole enumeration of error, Knight contends that the evidence was insufficient to sustain his conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person would be guilty of child molestation if he "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or [himself]." OCGA § 16-6-4 (a). Here, C. H. herself testified to the sexual acts committed against her by her father when she was ten years old. Knight's argument that C. H.'s story lacked credibility is of no consequence, as this Court does not determine the credibility of witnesses, and C. H.'s testimony did not require corroboration to provide sufficient evidence to sustain Knight's conviction. *Atkins v. State*, 243 Ga. App. 489, 490 (1) (c) (533 SE2d 152) (2000). Thus, the evidence was sufficient to sustain Knight's conviction for child molestation.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 19, 2002.

*Billy M. Grantham*, for appellant.
*J. Brown Moseley, District Attorney, Charles M. Stines, Ronald R. Parker, Assistant District Attorneys*, for appellee.