## A09A0382. MULLINS v. THE STATE.

(680 SE2d 474)

MILLER, Chief Judge.

Following a jury trial, Jimmy Mullins was convicted of a single count of terroristic threats (OCGA § 16-11-37). He filed an amended motion for new trial, which was denied, and now appeals. Mullins alleges that the trial court erred in failing to give a sua sponte limiting instruction following the admission of improper bolstering testimony, evidence of prior difficulties, and bad character evidence. Mullins also challenges the sufficiency of the evidence as to Count 1 of the indictment: terroristic threats.[1] Finding no error, we affirm.

In a supplemental brief filed without leave to do so by this Court (Court of Appeals Rule 27 (a)),[2] Mullins attempts to enumerate as error the trial court's failure to limit the State's use of leading questions; the trial court's decision to allow a State's witness to retake the stand; the trial court's denial of Mullins' motion for directed verdict on the terroristic threats count; the State's closing argument as to inferences and acts not in evidence; and the ineffectiveness of his trial counsel. Inasmuch as Mullins did not seek permission to file a supplemental brief, we will not consider these additional claims of error.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence shows that on March 17, 2006, Nichole McCurry, her boyfriend and her family, including her mother, Barbara Solley, Mullins, and a group of others were in Savannah to celebrate St. Patrick's Day. They stayed at a restaurant and inn called the 1790, and that same evening, Solley and Mullins hosted a dinner party for their business colleagues at the inn. After the dinner party was over, Mullins attempted to leave to go home, but Solley prevented him from doing so, and thereafter, Mullins went upstairs to the hotel room he shared with Solley.

Solley testified that she was in love with Mullins and had been in a relationship with him for nine years. When the State asked her about what happened in the hotel room that evening, she replied that she did not remember and wished to stop testifying. Solley then stated that she did not think Mullins did anything wrong and could not recall what she told the police about the incident. When asked by the prosecutor if she recalled telling her and the victim-witness

---

[1] It is clear that Mullins is challenging his conviction for terroristic threats. By his claim of error, however, Mullins erroneously refers to Count 1 of the indictment as Count 2, family violence battery.

[2] Court of Appeals Rule 27 (a) provides that "[s]upplemental briefs may be filed only by leave of the Court."

advocate, Lukevia Wright, about Mullins' attempt to choke her or his threat to kill her, Solley stated that she did not remember any of those details.

McCurry testified that she arrived at the 1790 close to midnight on March 18, 2006 when she heard her mother and Mullins fighting two doors down, and asked her boyfriend, Brandon Walker, to call the police. She saw Mullins dragging her mother into their hotel room by her hair. McCurry and Walker tried to enter the room as she heard her mother screaming out for help and things being broken. Through an adjoining friend's room, McCurry heard Mullins tell Solley that he "would fucking kill her and put her in a swamp, and no one would ever find her." When McCurry finally reached Solley, she was in the adjoining room, sitting on the floor, leaned up against the wall, and unable to get up without assistance. Solley later recounted the incident to her and stated that Mullins had choked her and told her that he was going to kill her as he put a pillow over her head to stifle the sound of her screams.

Officer Cory Cotton with the Savannah Chatham Metropolitan Police Department testified that on March 18, 2006, he responded to a domestic call at Room 201 of the 1790 and met with Solley, who was crying, and her face was swollen, with a swollen and bleeding lip. When he asked Solley what had occurred, she told him that she had an altercation with Mullins and he threatened her, stating, "I will kill you, and they will never find you because there are a lot of swamps."

1. Mullins contends that the trial court erred in failing to give a sua sponte limiting instruction following the admission of certain evidence.

(a) *Bolstering testimony by Officer Cotton*

Mullins argues that the trial court erred in failing to give a sua sponte limiting instruction following improper bolstering testimony by Officer Cotton. We disagree.

A witness' credibility may not be bolstered by "the opinion of another, even an expert, as to whether the witness is telling the truth. . . . Credibility of a witness is . . . a matter solely within the province of the jury. OCGA § 24-9-80." (Citations and punctuation omitted.) *Bright v. State*, 238 Ga. App. 876, 880 (4) (520 SE2d 48) (1999). "It is not improper bolstering, however, for a witness to express an opinion as to whether objective evidence in the case is consistent with the victim's story." (Citation and punctuation omitted.) *Brown v. State*, 293 Ga. App. 633, 636 (1) (c) (667 SE2d 899) (2008).

Here, Officer Cotton testified about the victim's bleeding and swollen lip and swollen face and his observations of a chair and a six foot plant lying on the floor in the hotel room. When the State asked

the officer if his observations of the victim's injuries were consistent or inconsistent with her statements, he replied that they were "consistent."

The State then inquired whether the victim's statements were consistent or inconsistent with her statement about the disarray in the room. Trial counsel then objected to the questions as bolstering, and the trial court sustained the objection on the grounds of asked and answered. Inasmuch as Officer Cotton's responses merely indicated whether the victim's statements were consistent with his observations of her injuries and the disarray in the room, his testimony did not constitute improper bolstering or a comment on the victim's veracity. See *Gonzalez v. State*, 283 Ga. App. 843, 850 (3) (c) (643 SE2d 8) (2007) (officer's testimony that he found inconsistencies in the victim's statements based on his investigation and his explanation of those inconsistencies did not constitute improper bolstering of defendant's veracity); *Brown*, supra, 293 Ga. App. at 636 (1) (c) (physician's testimony that victim's demeanor or behavior was consistent with that of a sexual assault victim did not impermissibly bolster victim's credibility).

Given that Officer Cotton's testimony was relevant and admissible, the trial court did not err in failing to give a curative instruction. Moreover, this claim is not subject to a plain error standard of review. See *Horne v. State*, 262 Ga. App. 604, 606 (1) (586 SE2d 13) (2003) (the admission of evidence bolstering a witness' credibility is not the kind of error that seriously affects the fairness, integrity, or public reputation of a judicial proceeding).

(b) *Admission of prior difficulties evidence*

Mullins argues that the trial court erred in failing to give a sua sponte limiting instruction following McCurry's testimony about prior difficulties between Solley and him. We are not persuaded.

When the State asked McCurry why Solley went to the hospital, McCurry replied, "[b]ecause he beat her half to death just like he's done before[,]" to which Mullins' trial counsel made no objection. Thereafter, in a bench conference, the trial court addressed the State's request to introduce evidence of a prior difficulty between Mullins and Solley and sustained Mullins' trial counsel's objection to such evidence from McCurry. On cross-examination, Mullins' counsel asked McCurry whether Solley wore dark sunglasses because of eye problems. McCurry replied, "Solley does wear dark glasses from a prior incident where [Mullins] strangled her to the point that she had to go to Charleston . . . because he broke the blood vessels in her right eye" and that "[Solley] has permanent vision damage from him doing this before." Mullins' trial counsel made no objection at that time and now contends that the trial court erred by failing to give a sua sponte limiting instruction following the admission of this

evidence. He urges that we review this claim under a plain error standard of review.

Absent an objection and request for a limiting instruction by Mullins' trial counsel, the trial court did not err in failing to give a sua sponte limiting instruction at the time the evidence was admitted. *Connelly v. State*, 295 Ga. App. 765, 769 (4) (673 SE2d 274) (2009) (without request, no reversible error occurs when trial court fails to give any limiting instruction to the jury on the use of prior difficulties evidence, either when the evidence was introduced or in the charge at the close of evidence). While the better practice would have been to give such instruction at the time the evidence was admitted had a request been made, the trial court gave the jury an instruction on prior difficulties evidence in its jury charge.

Further, plain error is "that which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding." (Punctuation and footnote omitted.) *Emilio v. State*, 257 Ga. App. 49, 52 (3) (570 SE2d 372) (2002). No exceptional circumstances are presented here.

(c) *Bad character evidence of Mullins*

Mullins argues that the trial court erred in failing to give a curative instruction following the improper admission of bad character evidence. We find no error.

As discussed above, McCurry testified that Mullins had "beat [Solley] half to death just like he's done before" in response to the State's question of why Solley went to the hospital. Inasmuch as McCurry's response was not responsive to the State's question, it did not place Mullins' character in issue. See *Watkins v. State*, 241 Ga. App. 251, 253 (2) (526 SE2d 155) (1999) ("[w]hen a witness gives a non-responsive answer to a question impacting negatively on the defendant's character, this does not place the defendant's character in issue under OCGA § 24-9-20 (b)") (citation and punctuation omitted). Further, since Mullins raised no objection to this testimony, he has waived this claim of error. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived." (Citation and punctuation omitted.) *Dunn v. State*, 208 Ga. App. 197 (3) (430 SE2d 50) (1993).

2. Mullins contends that the evidence was insufficient to support his conviction. This contention lacks merit.

A person commits the offense of terroristic threats when he "threatens to commit any crime of violence . . . with the purpose of terrorizing another. . . ." OCGA § 16-11-37 (a). Here, McCurry testified that she heard Mullins threaten to kill her mother and put her in a swamp, and Solley recounted the same statement to her. Officer Cotton also related Solley's initial statement to him about Mullins'

threat to kill her, which was admissible as a prior inconsistent statement. OCGA § 24-9-83. Contrary to Mullins' argument that the victim's testimony did not support the conviction, there is "no requirement that the victim testify for there to be sufficient evidence to sustain a conviction for terroristic threats." *Worthington v. State*, 257 Ga. App. 10, 11 (570 SE2d 85) (2002); see *Warnock v. State*, 195 Ga. App. 537, 540 (4) (394 SE2d 382) (1990) (although the terroristic threats statute requires that the victim's testimony be corroborated "if the State offers only the testimony of the party to whom the threat is communicated . . . [, the statute] does not require that party to testify and it does not require corroboration of the testimony of a non-party"). Thus, the evidence was sufficient to allow a rational trier of fact to find that Mullins was guilty, beyond a reasonable doubt, of terroristic threats. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

For the reasons set forth above, we affirm the trial court's order denying Mullins' motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 16, 2009.

*Lowther & Bonds, Joshua S. Lowther, Michael J. Davis, Jr.*, for appellant.

*Spencer Lawton, Jr., District Attorney, Russell B. Mabrey, Assistant District Attorney*, for appellee.