A10A0830. FOSSELMAN v. THE STATE.
(701 SE2d 559)

DOYLE, Judge.

Following a jury trial, James Fosselman appeals his conviction of sexual battery[1] and child molestation,[2] contending that (1) the trial court erred by allowing a videotape of a forensic interview to be taken into the jury room during deliberations, and (2) he received ineffective assistance of counsel. For the reasons that follow, we affirm.

Construed in favor of the verdict,[3] the evidence shows that J. F., a minor child, occasionally spent the night at her grandmother's house. Fosselman, the grandmother's companion, slept in the same house, and while the grandmother was either away or sleeping, Fosselman approached J. F. while she slept. Fosselman pulled the covers back, touched J. F.'s thighs, and fondled her vagina.

Years later, while watching a television show with her cousin about child molestation, J. F. disclosed to the cousin that she had been molested by Fosselman. The cousin encouraged J. F. to tell her mother, which J. F. ultimately did. They made an appointment with police, who interviewed J. F. and referred her to a forensic interviewer specializing in child sexual abuse cases. In a videotaped interview, J. F. again disclosed the abuse to the forensic interviewer, and police interviewed Fosselman, who admitted that he touched

---

[4] *Kelly v. State*, 234 Ga. App. 893, 894 (2) (508 SE2d 228) (1998).
[5] See OCGA § 16-2-20.
[1] OCGA § 16-6-22.1 (b), (d).
[2] OCGA § 16-6-4 (a) (1).
[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

J. F. on the thigh because he was "curious."

Fosselman was later arrested and charged with aggravated sexual battery, child molestation, and sexual battery. A jury found him guilty on all counts, and the trial court granted Fosselman's motion for new trial as to the aggravated sexual battery charge, vacating that count of the conviction. Fosselman now appeals from the denial of his motion for a new trial as to the other two counts.

1. Fosselman contends that the trial court erred by allowing the jury to take the videotaped forensic interview back into the jury room (along with equipment to play the recording) because such a practice violated the continuing witness rule. However, Fosselman acquiesced in the trial court's decision to send back the recording, so he failed to preserve the issue for review.[4]

2. Fosselman also contends that his trial counsel rendered ineffective assistance by (a) acquiescing in the decision to send the video recording back with the jury, (b) failing to employ an expert witness, and (c) pursuing an unreasonable trial strategy. We disagree.

To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different absent the deficient performance.[5] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[6] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[7] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[8]

(a) *Failure to adequately object to the alleged continuing witness violation.* During its deliberation, the jury requested to view the videotaped forensic interview again. Fosselman's trial counsel

---

[4] See *Varner v. State*, 297 Ga. App. 799, 804 (4) (678 SE2d 515) (2009) (continuing witness objection may be waived); *Vonhagel v. State*, 287 Ga. App. 507, 511 (4) (651 SE2d 793) (2007) ("A defendant cannot acquiesce in a trial court's ruling below and then complain about that ruling on appeal.") (punctuation omitted).

[5] See *Strickland v. Washington*, 466 U. S. 668, 687-688, 694 (III) (A)-(B) (104 SC 2052, 80 LE2d 674) (1984).

[6] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[7] See *Strickland*, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[8] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

stated, "I can object, but it will be overruled," and the trial court interposed, "yes, sir." When asked whether the jury should view the recording in open court or whether they should take it back to the jury room, Fosselman's counsel answered, "send it back." At the motion for new trial hearing, trial counsel testified that it was his first felony trial and that he was unaware of the continuing witness objection and would have objected had he known about the rule. Fosselman now argues that this amounted to ineffective assistance of counsel.

> In Georgia the "continuing witness" objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once.[9]

"The continuing witness rule has been applied to recordings as well as writings. This Court has held that the rule is violated when, for instance, the trial court sends the videotaped interview of a witness to the jury room."[10] Here, assuming that it was deficient performance not to object to sending the videotape out with the jury, Fosselman cannot meet his burden to show that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Our courts have held that

> it is not reversible error for a [recording] to go out with the jury if that [recording] is consistent with the theory of the defense. . . . Whether the [evidence] is consistent with the theory of the defense depends upon whether it is advantageous to the defendant, and whether and how defense counsel utilizes that evidence.[11]

The videotaped interview included statements by the victim that Fosselman's finger penetrated her vagina, but this was inconsistent with the victim's explicit trial testimony that no penetration occurred. Throughout the trial, Fosselman's trial counsel emphasized this and other inconsistencies (such as the timing of events, where

---

[9] (Punctuation omitted.) *Kenney v. State*, 196 Ga. App. 776, 777 (2) (397 SE2d 131) (1990).

[10] *Mathews v. State*, 258 Ga. App. 29, 31 (1) (572 SE2d 719) (2002) (citing *Summage v. State*, 248 Ga. App. 559, 561 (1) (546 SE2d 910) (2001)).

[11] (Punctuation omitted.) *Clark v. State*, 284 Ga. 354, 355 (667 SE2d 37) (2008).

the grandmother was during the abuse, and whether J. F. cried or was silent) between the videotaped interview and the victim's trial testimony, arguing at closing that "Too many things are too different. How much does a story have to change? How much do things have to be inconsistent before you start questioning the truth and the veracity of the statements themselves without verification? How much does it have to change?"

> Where, as here, defense counsel ... acquiesces in [the] admission [of continuing witness evidence], and further uses it to impeach a key witness for the State, especially when the impeachment constitutes a significant part of the defendant's strategy, that [evidence] is considered to be consistent with the defense theory.[12]

Fosselman's trial strategy was to discredit the victim, and the videotaped interview was the primary method for doing this because the interview clearly and explicitly contradicted J. F.'s trial testimony. Furthermore, Fosselman himself admitted touching J. F.'s thigh, and to the extent the jury focused on J. F.'s recorded allegation that digital penetration occurred,[13] the trial court later vacated Fosselman's conviction for aggravated sexual battery, which was the only count predicated on penetration. Accordingly, under these circumstances, Fosselman has failed to meet his burden to show prejudice under *Strickland* based on the alleged continuing witness violation.

(b) *Failure to hire an expert witness*. Fosselman contends that his trial counsel was ineffective because he failed to request funds to hire an expert witness to challenge the methodology of the forensic interview. At the motion for new trial hearing, Fosselman proffered testimony from an expert in forensic interviews criticizing certain aspects of the videotaped interview played at trial. However, even assuming that the trial attorney performed deficiently by failing to request funds to hire a defense expert, Fosselman has not shown that this failure created a reasonable probability that the trial result would have been different if an expert was hired.

The videotaped interview was largely cumulative of the victim's trial testimony except for certain variations, most importantly that J. F.'s interview included an allegation of digital penetration, whereas J. F.'s trial testimony denied any penetration. As noted above, trial counsel heavily emphasized this inconsistency during his opening statement and closing argument, using it to challenge the

---

[12] Id. at 356.
[13] There was no other evidence of penetration at trial.

88

victim's credibility. Thus, with respect to the evidence of penetration, which came from the videotaped interview, the trial court directed a not guilty verdict on the only count (aggravated sexual battery) predicated on penetration. Therefore, to the extent the jury credited any improperly obtained disclosure that digital penetration occurred, any harm from that reliance was cured by the directed verdict. Under these facts, trial counsel's failure to obtain a defense expert to challenge the forensic interviewer's methods did not create a reasonable probability that the trial result would have been different.

(c) *Failure to employ a reasonable trial strategy.* Fosselman argues that his trial counsel failed to employ a reasonable trial strategy by declining the State's plea offer of probation and instead relied on the victim's mother's pretrial statements that she did not believe her daughter's allegations and that the abuse never happened. At the motion for new trial hearing, trial counsel testified that the victim's mother represented to both him and the State that she did not want the case to be prosecuted and that she did not believe the abuse occurred. The State's probation offer would have included Fosselman's registration as a sex offender, which trial counsel found undesirable, and trial counsel doubted the strength of the State's case and his client's guilt. For these reasons, Fosselman's attorney counseled him not to accept the State's plea offer: "we felt we weren't guilty because they kept telling us that we weren't really guilty; right? So that's how we played it."

Based on the record before us, we do not conclude that trial counsel's strategy amounted to ineffective assistance.

Only if the tactical decisions are so patently unreasonable that no competent attorney would have chosen them would there be grounds for finding deficient performance. In making this determination, the trial court judges reasonableness by the circumstances at the time, and not by hindsight or results.[14]

At the time Fosselman declined the State's plea offer, both the victim's mother and grandmother disbelieved the victim and did not want to prosecute the case. Trial counsel believed their opinions would undermine any case brought by the State, and this was borne out by the trial testimony. "[D]efense attorneys are given wide discretion in specific decisions regarding trial strategy, . . . and [h]indsight, whether by a court, the defendant, or defendant's

[14] (Footnote omitted.) *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

counsel, is a legally insufficient basis for concluding that counsel's performance at trial was deficient."[15] Based on the facts available to Fosselman's trial counsel prior to trial, the strategy to maintain his client's innocence was not so patently unreasonable that it amounted to ineffective assistance of counsel.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 16, 2010 — 

*Leonard L. Franco, Jeffrey P. Manciagli,* for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney,* for appellee.

---

[15] (Punctuation omitted.) *Wright v. State*, 285 Ga. 428, 434 (6) (a) (677 SE2d 82) (2009).