## A11A1029. FOAT v. THE STATE.

(713 SE2d 444)

MCFADDEN, Judge.

Jeffery Foat, Jr., appeals his convictions of aggravated assault and possession of a firearm during the commission of a crime on the ground that the evidence was insufficient to support the convictions. Finding that sufficient evidence supports the convictions, we affirm.

When reviewing a challenge to the sufficiency of the evidence used to support a conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the evidence shows that Mary Flournoy, the mother of Delshawn Flournoy, drove Delshawn Flournoy and a friend to Shaquila Nixon's house where Delshawn Flournoy was going to borrow some tools. When they arrived at the house, Delshawn Flournoy exited the car and entered the house while his mother and the friend waited in the car. Several people were sitting outside the house. Foat and his co-defendant, Verenzo Holmes, walked up to the house and began shooting at a man on the porch. The man shot back toward the street. Delshawn Flournoy was shot in the head while he was in the front room of the house. Delshawn Flournoy lost the use of his right leg and right arm and his ability to speak more than a few words because of his injury. Foat testified at trial that the man on the porch started shooting at him and Holmes. He denied having a gun.

"The offense of aggravated assault under OCGA § 16-5-21 has two essential elements: (1) that a simple assault under OCGA § 16-5-20 was committed on the victim and (2) that it was aggravated by" one of three factors, including the "use of a deadly weapon as provided in OCGA § 16-5-21." *Maynor v. State*, 257 Ga. App. 151, 153 (570 SE2d 428) (2002). "A person commits the offense of simple assault when he or she either . . . [a]ttempts to commit a violent injury to the person of another; or . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (1), (2). A person commits the offense of possession of a firearm during the commission of a crime when the person has "on or within arm's reach of his or her person a firearm . . . during the commission of . . . [a]ny [felony] against or involving the person of another." OCGA § 16-11-106 (b) (1).

Based on the evidence, the jury was authorized to conclude that

Foat and Holmes shot at the house, resulting in Delshawn Flournoy being shot in the head. Such evidence was sufficient to support the convictions. See *Culler v. State*, 277 Ga. 717, 720 (4) (594 SE2d 631) (2004) (evidence that co-defendants intentionally fired shots at house occupied by several people, including the sleeping victim, established elements of aggravated assault — even though co-defendants did not know of victim's presence — because it was likely that violent harm would be inflicted against all persons inside the house); *Cornelius v. State*, 273 Ga. App. 806, 807-808 (1) (616 SE2d 148) (2005) (evidence that defendant fired multiple shots into cab of truck occupied by three people supported conviction for aggravated assault), overruled in part on other grounds, *Schofield v. Holsey*, 281 Ga. 809 (642 SE2d 56) (2007); *Maynor*, supra at 154-156 (evidence that defendant shot a rifle at his neighbors' residence when the neighbors were inside supported the aggravated assault conviction, even though the neighbors did not see him shoot the rifle and did not know there were gunshots until after they were fired). We therefore affirm Foat's convictions.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JUNE 29, 2011.

*William M. Fleming*, for appellant.
*Ashley Wright, District Attorney, Charles R. Sheppard, Madonna M. Little, Assistant District Attorneys*, for appellee.