## A11A1777. KEMP v. THE STATE.

(726 SE2d 447)

BARNES, Presiding Judge.

Following a jury trial, Robert Helsep Kemp IV was found guilty of family violence battery, battery, and disorderly conduct. He appeals his conviction, contending that the evidence was insufficient, that the trial court erred by failing to give a limiting instruction before admitting evidence of prior difficulties, and that trial counsel was ineffective for failing to object to an improper closing argument. Following our review, we affirm.

1. When a criminal defendant challenges the sufficiency of the evidence supporting his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). It is the function of the jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

The record reveals that on September 5, 2010, two girls were playing inside a home located across the street from Kemp when they heard an argument and a woman's screams. The children looked out of their window and saw Kemp attacking his wife in the garage of the Kemp home. The girls testified that when Kemp spotted them watching the attack, he closed the garage door. The children called 911. When police responded, the officers repeatedly knocked on the door and rang the doorbell, telephoned the house, and used their vehicle's PA speaker before, after approximately 45 minutes, Kemp opened the door. Kemp initially told officers that his wife was not home, but later admitted that she was present. When officers spoke with his wife, they observed that she had blood running from her lip, a black eye, and a swollen face. The wife said that she had attempted to leave, but that Kemp would not let her, and that he had hit her. She told police that she had fallen in the garage and "busted" her lip. Kemp told police that his cousins had been arguing in the garage earlier that day, but that they were gone.

At trial, the wife recanted her earlier statement, and testified that she did not tell officers that her husband hit her. She further testified that she and a visitor in their home, Cedric Varner, had an altercation in the garage that day. Varner corroborated the wife's testimony, and testified that he and the wife had an altercation in the

garage on the day in question. However, the two girls who witnessed the attack both identified Kemp as the man they saw that day.

"A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a). "If the offense of battery is committed between . . . persons living or formerly living in the same household, then such offense shall constitute the offense of family violence battery. . . ." OCGA § 16-5-23.1 (f). Although there were conflicts in the evidence presented in this case, it was solely within the jury's authority to resolve any conflicts, to weigh the evidence, and to judge the credibility of the witnesses in reaching its verdict. *Jackson*, 443 U. S. at 319 (III) (B). Moreover, the wife's prior inconsistent statements to the officer constituted substantive evidence upon which the jury could rely in reaching its verdict of guilty. See *Griffin v. State*, 262 Ga. App. 87, 88 (1) (585 SE2d 145) (2003). Thus, the evidence being sufficient, the jury was authorized to find that Kemp was guilty beyond a reasonable doubt of the charged crimes. *Miller*, 273 Ga. at 832.

2. Kemp next contends that the trial court erred by failing to give a limiting instruction before admitting evidence of prior difficulties.

Here, the State presented testimony from an officer who had investigated a prior incident of domestic violence involving the Kemps. Kemp's trial counsel objected to the relevance of the testimony, and the trial court overruled the objection. Although trial counsel objected several other times on various grounds during the officer's testimony, she did not request a limiting instruction on the prior difficulties. However, the trial court instructed the jury on prior difficulties evidence in its final jury charge.

Without a request, no reversible error occurs when a trial court fails to give any limiting instruction to the jury on the use of prior difficulties evidence, either when the evidence was introduced or in the charge at the close of evidence. *Connelly v. State*, 295 Ga. App. 765, 769 (4) (673 SE2d 274) (2009). This Court has held that while the better practice would be to give an instruction when the evidence was admitted had a request been made, there is no reversible error absent a showing of plain error. *Mullins v. State*, 298 Ga. App. 368, 371 (1) (b) (680 SE2d 474) (2009). No plain error has been shown here.

3. Kemp last contends that trial counsel was ineffective for failing to object to improper statements in the State's closing argument. Kemp acknowledges that the issue was not raised below, but argues that this was the earliest opportunity to raise the issue because his current counsel was appointed after the notice of appeal was filed and the period for filing a motion for new trial. See *Russell v. State*, 267 Ga. 865, 868 (4) (485 SE2d 717) (1997).

Ordinarily, where an ineffectiveness claim is raised for the first time on appeal, the case is remanded for an ineffectiveness hearing in the trial court. *Elrod v. State*, 222 Ga. App. 704, 705 (1) (475 SE2d 710) (1996). In this case, the claim of ineffectiveness can be decided from the record on appeal; therefore, a remand to the trial court for a hearing would "waste judicial and legal resources" and "would serve no useful purpose." (Citations and punctuation omitted.) Id. at 705-706. In pursuing a claim of ineffective assistance of counsel, Kemp must show (1) that his attorney's representation was deficient; and (2) that the deficient representation prejudiced his defense, that is, that a reasonable probability exists that but for the ineffective representation the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 687 (III), 694 (III) (B) (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong. See id. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

Kemp contends that the statement in the State's closing argument that to "tell Mr. Kemp and Ms. Kemp this isn't the way to live, and do it before it's too late" is a clear violation of the prohibition against future dangerousness.

It is highly "improper for a prosecutor to argue during the guilt-innocence phase of a criminal trial that if found not guilty, a defendant poses a threat of future dangerousness." *Hines v. State*, 248 Ga. App. 752, 756 (3) (548 SE2d 642) (2001). However, here, pretermitting whether the statement violated the prohibition against future-dangerousness arguments, "it is highly unlikely that this single portion of the prosecutor's closing argument contributed to the guilty verdict," given the evidence presented, including the testimony of the two eyewitnesses, the officer's observance, and the prior inconsistent statement from the victim. See *Mikell v. State*, 281 Ga. App. 739, 745 (3) (c) (637 SE2d 142) (2006).

Thus, as Kemp has not shown that there was a reasonable probability that the outcome of the case would have been different but for the purported deficient performance of trial counsel, he cannot prevail on his ineffective assistance of counsel claim.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED MARCH 12, 2012.

*Lister & Holt, Kristi W. Wilson, Cerille B. Nassau*, for appellant.

*Tasha M. Mosley, Solicitor-General, Keith E. Gammage, Assistant Solicitor-General*, for appellee.