**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 3, 2013**

# In the Court of Appeals of Georgia

A13A0500. ROBERTS v. THE STATE.                    DO-019 C

DOYLE, Presiding Judge.

An Effingham County jury found Christopher Bernard Roberts guilty of two counts of aggravated assault,[1] armed robbery,[2] burglary,[3] theft by taking (an automobile),[4] theft by receiving stolen property (a shotgun),[5] and possession of a firearm during the commission of a crime.[6] Following the denial of his motion for

---

[1] OCGA § 16-5-21 (a) (2) & (a) (1).

[2] OCGA § 16-8-41 (a).

[3] OCGA § 16-7-1 (a).

[4] OCGA § 16-8-2.

[5] OCGA § 16-8-7 (a).

[6] OCGA § 16-11-106 (b) (1).

new trial, Roberts appeals, arguing that (1) the trial court erred by denying his motion for a continuance and motion for a directed verdict of acquittal; (2) the evidence was insufficient to sustain his convictions; and (3) he was denied the effective assistance of trial counsel. For the reasons that follow, we affirm.

Construed in favor of the verdict,[7] the evidence shows that on December 9, 2008, at approximately 11:00 p.m., Casaundra Brown was at home with her two children, when she heard an automobile honking its horn in her front yard. She came to the front door and saw a young man with "twists in his hair" sitting in a blue truck, and the man pointed toward her father's pick-up truck that was parked in her driveway, asking her about ownership of that truck. Shortly thereafter, she saw three other men, one with dark skin, wearing bandanas over their lower faces and skull caps on their heads, coming toward her from the side of the property, and she quickly closed and locked the door. The men kicked in the door and threatened her with a shotgun. One of the three intruders beat her in the face and threatened her with a weapon, demanding to know the whereabouts of her purse, to which she responded that she kept her valuables in her Lowe's racing jacket. The individuals also took her

---

[7] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

2

father's red and black pick-up truck. After the men left, Brown grabbed her children and ran to a neighbor's home to call the police.

Responding to her 911 call, officers observed a gray Pontiac Firebird traveling with no lights in the area where the robbery took place. The vehicle failed to stop when a patrol unit activated its lights, and after a high speed pursuit, the vehicle wrecked in a ditch. The occupants fled on foot and were soon apprehended; a shotgun, identified by Brown as the one used in the robbery, was discovered at the scene of the wreck. The men were identified as Roberts, Clifford Stephens, and Henry Williams. The vehicle belonged to Roberts, and after obtaining a search warrant for the vehicle, police discovered Brown's stolen property and her driver's license. Brown's father's truck was recovered within a short time frame of the incident about a mile and a half away.

The jury found Roberts guilty, and he filed a motion for new trial, After a hearing, the trial court denied the motion, giving rise to this appeal.

1. Roberts contends that the trial court erred by denying his motion for a continuance because trial counsel was forced to proceed while unprepared. We disagree.

3

A motion for a continuance predicated on the basis of counsel's lack of preparation for trial addresses itself to the sound discretion of the trial court and a ruling denying such a motion will not be interfered with unless the court has abused its discretion in denying the motion. Mere shortness of time does not by itself show a denial of the rights of the accused, and mere shortness of time will not reflect an abuse of the trial court's discretion in denying a continuance, where the case is not convoluted and is without a large number of intricate defenses. Additionally, when there is no showing that a continuance would have benefitted the defendant, he has not established harm in the denial of the continuance.[8]

Here, Roberts has not established that he exercised due diligence to retain trial counsel. Between Roberts's March 16, 2009 indictment and his September 9, 2012 trial, Roberts discharged three attorneys before making the decision to retain trial counsel the afternoon before trial. Roberts has failed to offer any explanation for his numerous discharges of attorneys or last-minute change of counsel beyond lacking funds to secure his retainer.[9] Indeed, Roberts's attorney of record immediately prior

---

[8] (Punctuation omitted.) *Sullivan v. State*, 295 Ga. App. 145, 148 (2) (671 SE2d 180) (2008).

[9] See *Lee v. State*, 254 Ga. App. 417, 419 (2) (562 SE2d 800) (2002) (holding that the defendant who had refused counsel and failed to make arrangements for representation until the eve of trial because he "did not have ample funds to retain an attorney" could not establish due diligence to support a motion for continuance).

4

to trial counsel reported that Roberts was "extremely uncooperative and antagonistic" toward the case and that he had been prepared to go forward with the trial had Roberts cooperated with him. If trial counsel was unprepared to proceed, any lack of preparedness was directly a result of Roberts's lack of diligence.[10] And although Roberts contends that the continuance was necessary for trial counsel to subpoena co-defendant Stephens to testify on his behalf at trial, "[w]e are satisfied that in this instance the trial court did not breach its discretion in refusing to grant the requested continuance. [Roberts] had ample opportunity to . . . obtain his requested witness prior to trial."[11]

> Moreover, [Roberts] did not call [Stephens] to testify at the hearing on his motion for new trial, so he failed to present any probative evidence that [Stephens] would have testified for him or that, if so, [Stephens's] testimony would have been exculpatory. Without the testimony of the particular witness, it is impossible for [Roberts] to

---

[10] See *Marion v. State*, 224 Ga. App. 413, 416 (1) (480 SE2d 869) (1997) ("Mere shortness of time will not reflect an abuse of the trial court's discretion in denying a continuance where the case is not convoluted and is without a large number of intricate defenses. This case involve[d] serious issues, but they [were] not intricate or convoluted.") (citations and punctuation omitted).

[11] *Branton v. State*, 258 Ga. App. 221, 223 (2) (573 SE2d 475) (2002). See also *Judge v. State*, 240 Ga. App. 541, 543 (1) (524 SE2d 4) (1999); *Patterson v. State*, 202 Ga. App. 440-441 (1) (414 SE2d 895) (1992).

show there is a reasonable probability the results of the proceedings would have been different if the trial court had granted a continuance and permitted him to obtain [Stephens].[12]

Accordingly, the trial court did not abuse its discretion by denying the motion to continue.

2. Roberts contends the evidence was insufficient to support the guilty verdict because there was no scientific evidence, eyewitness identification, or fingerprints connecting him to the crime scene. We disagree.

(a) When reviewing the sufficiency of the evidence,

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime[s] charged, the factfinder's role as weigher of the evidence is preserved through a legal

---

[12] (Footnotes omitted.) *Blanton*, 258 Ga. App. at 223-223 (2).

6

conclusion that upon judicial review *all the evidence* is to be considered in the light most favorable to the prosecution.[13]

Here, the evidence was more than sufficient to support Roberts's conviction. Although Brown provided little information about the description of the four suspects because three of the men had their faces and hair covered during the incident, Roberts did fit the general description of the assailant. Moreover, he was apprehended by police after his car, which was being driven in a suspicious manner without its headlights illuminated, was spotted by officers in the vicinity of Brown's home shortly after the incident, and he failed to stop for officers, instead leading them on a high-speed car chase followed by a foot-chase.[14] Brown's stolen property, the shotgun used in the robbery, and various bandanas and skull caps were discovered in Roberts's car. Although there was no scientific evidence or eyewitness identification of Roberts,

---

[13] (Citation omitted; emphasis in original) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[14] See, e.g., *Tauch v. State*, 305 Ga. App. 643, 645-646 (1) (700 SE2d 645) (2010), collecting cases regarding circumstantial evidence of guilt and quoting *Shaheed v. State*, 245 Ga. App. 745 (1) (538 SE2d 823) (2000) ("[T]he fact that a suspect flees the scene of a crime points to the question of guilt in a circumstantial manner.") (punctuation omitted).

[i]t is well settled that circumstantial evidence can be sufficient to authorize a finding of guilt beyond a reasonable doubt. . . . Questions of reasonableness are generally decided by the jury, and this [C]ourt will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law.[15]

Thus, based on the totality of the circumstances, the evidence was sufficient to support the verdict, and Roberts's enumeration is without merit.

(b) To the extent that Roberts contends that the trial court erred by denying his motion for a directed verdict of acquittal, his enumeration is without merit for the reasons discussed in Division 2 (a) supra.[16]

3. Roberts contends that he was denied the effective assistance of trial counsel because trial counsel: (1) failed to make an entry of appearance until just before trial; (2) failed to thoroughly investigate the evidence and prepare for trial, including subpoenaing a co-defendant to testify and completing DNA testing on the recovered items from the vehicle; (3) introduced Brown's written statement, in violation of the continuing witness rule; (4) failed to object to the State's questioning of Roberts,

---

[15] (Citations and punctuation omitted.) *Stewart v. State*, 172 Ga. App. 450, 451 (1) (323 SE2d 652) (1984).

[16] See *Sledge v. State*, 312 Ga. App. 97, 98 (1) (717 SE2d 682) (2011).

which impermissibly shifted the burden of production to him; (5) failed to object to bolstering testimony by an investigator related to Brown's testimony; and (6) failed to object to testimony regarding stolen firearms that were not related to the incident in question. We disagree.

> Under *Strickland v. Washington*,[17]
>
> [i]n order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.[18]

If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[19] "The trial court's

---

[17] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

[18] (Citations and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[19] See *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous."[20]

(a) Roberts contends that he was denied the effective assistance of trial counsel because his attorney made an entry of appearance the day before trial and was consequently unprepared, including failing to investigate DNA evidence on the weapon or subpoena a co-defendant to testify. As we concluded in Division 1, however, Roberts's own behavior led to the failure to retain counsel in a timely manner, and Roberts has failed to establish that trial counsel's performance was deficient under the circumstances.[21]

(b) Roberts contends that trial counsel was ineffective for acquiescing to the State's argument during cross-examination of Brown that he admit Brown's written statement into evidence because such admission was a violation of the continuing witness rule.

> In Georgia[,] the continuing witness objection is based on the notion that written testimony is heard by the jury when read from the

---

[20] *Herndon v. State*, 235 Ga. App. 258, 259 (509 SE2d 142) (1998).

[21] See *Herndon*, 235 Ga. App. at 259-260.

witness stand just as oral testimony is heard when given from the witness stand. But it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once.[22]

Nevertheless, "it is not reversible error for a [written statement] to go out with the jury if that [statement] is consistent with the theory of the defense."[23] Here, trial counsel impeached Brown with her written statement, which contained discrepancies from her trial testimony. Accordingly, under these circumstances, Roberts has failed to meet his burden to show prejudice under *Strickland*.

(c) Roberts argues that his trial counsel was ineffective for failing to object to a line of questioning during his testimony in which the prosecutor shifted the burden of production to him. We disagree.

Roberts testified at trial that a fourth individual, a man named "Donkey, or Dunkey" was in his car on the night of the incident, and that this man and Roberts's co-defendant, Stephens were the individuals who perpetrated the robbery. The State began questioning Roberts about why "Donkey" was not at the courtroom, and trial

---

[22] (Punctuation and footnote omitted). *Fosselman v. State*, 306 Ga. App. 84, 86 (2) (a) (701 SE2d 559) (2010).

[23] (Punctuation omitted.) Id.

11

counsel did not object to this line of questioning. "The State, [however,] like any other party, has the right to conduct a thorough and sifting cross-examination and to pursue the specifics of a topic [Roberts] introduced."[24] Moreover, the video of the high-speed chase shows only three individuals exiting the vehicle, which was contrary to Roberts's assertion at trial that "Donkey" was in the backseat of the car during the chase. Thus, even assuming it was deficient of trial counsel to fail to object to the State's cross-examination, Roberts has failed to establish that but for such objection there was a reasonable probability that the outcome of the trial would have been different.[25]

(d) Roberts also contends that trial counsel was ineffective for failing to object to testimony by an investigator, which constituted improper bolstering of Brown's testimony.

> A witness' credibility may not be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth. Credibility of a witness is a matter solely within the province of the jury. It is not improper bolstering, however, for a witness to express an

---

[24] (Punctuation omitted.) *Moore v. State*, 246 Ga. App. 163, 167 (7) (539 SE2d 851) (2000).

[25] See, e.g., *Tela v. State*, 320 Ga. App. 465, 471-472 (2) (c) (740 SE2d 204) (2013).

opinion as to whether objective evidence in the case is consistent with the victim's story.[26]

Here, the witness in question simply stated that Brown's in-court testimony was "consistent" with what she told him on the evening of the incident, but he did not provide his opinion of her credibility. As we stated in Division 3 (c) supra, it is not ineffective assistance for trial counsel to fail to make a meritless objection.[27]

(e) Finally, Roberts argues that trial counsel was ineffective for failing to object to testimony regarding stolen firearms that were not related to the incident in question. However, the record establishes that trial counsel properly objected to the State's introduction of photographs of other weapons other than the shotgun, and because Roberts was charged with theft by receiving stolen property of the shotgun used in the incident and which was later found in his vehicle, the fact that the gun was stolen was necessary to prove the State's charge. Accordingly, Roberts has failed to establish that trial counsel's performance was deficient with regard to this argument, which is, therefore, without merit.

---

[26] (Citations and punctuation omitted.) *Mullins v. State*, 298 Ga. App. 368, 369 (1) (a) (680 SE2d 474) (2009).

[27] See id. at 370 (1) (a); *Tela*, 320 Ga. App. at 470 (2) (b).

13

*Judgment affirmed. McFadden and Boggs, JJ., concur.*